UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

OCALA DIVISION


UNITED STATES OF AMERICA


-vs-                                              Case No.: 5:11-cv-187-OC-10TBS

                                                           5:06-cr-29-OC-10TBS


CARL ST. PREUX

_____/


<u>ORDER ON MOTION TO OBTAIN DISCOVERY AND GRAND JURY TRANSCRIPTS</u>


This case is before the court on the motion (Doc. 7) of defendant, Carl St. Preux

to obtain discovery and grand jury transcripts to aid him in the prosecution of his motion

(Doc. 1) filed pursuant to 28 U.S.C. § 2255 to set aside his conviction for conspiracy to

distribute five or more kilograms of powder cocaine and resulting life sentence.  All of

the items the defendant is requesting were previously produced to his trial attorney by

the government.  However, the defendant's current lawyer has been unable to reach

trial counsel and does not have any of the materials requested in the motion.[1]  She was

also unable to get the discovery from counsel for two of the co-defendants. (Doc. 7)

The defendant believes the information he is asking for is relevant because it was

supplied to him by the government in order to prepare for trial and is necessary to

support his contention that his trial attorney failed to adequately question government

---

[1]Trial counsel was subsequently disbarred and his last known address is in
Nigeria.  The defendant's current lawyer has attempted, without success, to reach him
by telephone and email.  (Doc. 7)

1

witnesses concerning their grand jury testimony which contradicted their trial testimony and because it was cited by his lawyer and other defense counsel during the trial. (Doc. 7) He also anticipates the need to amend his 2255 motion after reading the grand jury transcripts.  The government opposes production of the grand jury transcripts on the ground that the defendant has not shown a particularized and compelling need for them.  Its position with respect to the other discovery sought by the defendant is unknown.[2]

The defendant previously sought the grand jury material to aid in the preparation of his 2255 motion.  The government opposed that request and the court agreed, finding at the time that the defendant's request was "premature" and he appeared to be on a "fishing expedition."  (Doc. 526 )

With certain exceptions, Rule 6(e) makes grand jury proceedings secret.  Under Rule 6(e)(3)(E)(i) the court has the discretion to authorize disclosure "preliminarily to or in connection with a judicial proceeding."  As the moving party the defendant has the burden of showing "(1) the material sought is needed to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure outweighs the need for continued secrecy; and (3) the request is structured to embrace only necessary material."  United States v. Williams, 180 Fed.Appx. 108, 109 (C.A. 11 (Ga.)) citing Douglas Oil Co. of Cal. v. Petrol Stops Northwest, 441 U.S. 211, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979); and United Kingdom v. United States, 238 F.3d 1312, 1320-21

---

[2] The government did not file a response to the instant motion but did file both a response (Doc. 523) and supplemental response (Doc. 525) in opposition to the defendant's earlier motion (Doc. 520) to obtain the grand jury testimony.  The government reiterated its opposition during a telephonic hearing on August 30, 2011.

(11th Cir. 2001)(quoting the Douglas Oil standard).  By satisfying all three requirements the defendant demonstrates his "particularized need" for the grand jury information. United States v. Abusaid, 256 Fed.Appx. 289, 290 (C.A. 11 (Fla.))

Here, the defendant says he needs the grand jury testimony because there were "numerous citations" to it by other attorneys "but almost none" by his lawyer and he believes he was "prejudiced by these omissions."  He anticipates the grand jury materials will reveal contradictions in the testimony of witnesses against him which could have been argued as reasons he should be acquitted.  It is unclear to the court whether those parts of the grand jury testimony the defendant says were cited at trial were published and are contained in the transcript of the trial.  If they are included in the transcript then the defendant has not argued that any of them are evidence of deficient performance by his trial attorney.  The defendant has made a blanket request for all the grand jury testimony; not just those parts cited at trial.  While this is understandable it makes it impossible for him to show what, if any information is actually needed in connection with his 2255 motion.

Next, he argues that in light of the other alleged errors committed by his previous lawyer there is a high probability the grand jury material will evidence additional instances of ineffective representation.  Assuming all of the allegations in his 2255 motion are true that does not mean, ipso facto, that the grand jury testimony is evidence of counsel's errors or that it will reveal additional errors by his prior lawyer.  In United States v. Baggot, 463 U.S. 476, 480, 103 S.Ct. 3164, 3167, 77 L.Ed.2d 785 (1983) the court said "it is not enough to show that some litigation may emerge from the matter in which the material is to be used, or even that litigation is factually likely to emerge.  The

3

focus is on the actual use to be made of the material." (Emphasis in original). The defendant has not explained how he will actually use the grand jury testimony other than to determine whether it supports his current claims or provides a basis for additional claims.

Finally, the defendant sees himself caught in the proverbial Catch 22; he is obliged to show a particularized need for the evidence but without seeing it, his attorney cannot state particularly why she needs it. While logically, this will be true in the majority of cases it is not grounds to obtain the information. "No grand jury testimony is to be released for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information." United States v. Rockwell Int'l Corp., 173 F.3d 757, 760 (10th Cir. 1999).

The other discovery the defendant is requesting is summarized in paragraphs 2 through 12 of the January 5, 2007 letter (Doc. 525-1) from counsel for the government to counsel for the defendants. Those items are not confidential or privileged and appear to be relevant to the defendant's claims.

Therefore, it is adjudged that:

1.  The defendant's motion to obtain discovery of the grand jury transcripts is DENIED.

2.  The defendant's motion for discovery of the information outlined in paragraphs 2 through 12 of the January 5, 2007 letter referenced above is GRANTED.

DONE and ORDERED at Ocala, Florida this 31st day of August, 2011.

THOMAS B. SMITH
United States Magistrate Judge

Copies to: Counsel of Record