UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CARL ST. PREUX,

    Petitioner,

-vs-                                      Case Nos.   5:11-cv-187-Oc-10TBS
                                                                            5:06-cr-29-Oc-10GRJ

UNITED STATES OF AMERICA

    Respondent.
_____/

## ORDER

Pending before the Court is the Motion Under 28 U.S.C. § 2255 To Reconsider, Vacate, Set Aside, Or Correct Judgment Or Sentence By St. Preux (Doc. 1) which was referred to the undersigned for preparation of a Report and Recommendation. (Doc. 15). The Court conducted an evidentiary hearing on November 29, 2011.

At the hearing, counsel for St. Preux focused heavily on the argument that St. Preux should be re-sentenced because one of the convictions relied upon by the Court to enhance his sentence to life imprisonment--his conviction in November 1998 for possession of cocaine--has since been vacated, and thus, the minimum mandatory life sentence enhancement should no longer be applicable. See Doc. 19-1. Because the issues raised by this argument have not been fully addressed in the papers, on or before January 16, 2012, the parties shall file supplemental briefs limited to 20 pages addressing the following:

    1.    Whether St. Preux, whose sentence was enhanced under 21 U.S.C. §§851/841 may seek re-sentencing based on the invalidation of his November1998 conviction that was used to enhance his federal sentence?

2. Whether St. Preux is barred from seeking re-sentencing based on the statute of limitations in 21 U.S.C. §851(e)? Although not binding authority, the parties should discuss McChristian v. United States, 47 F.3d 1499, 1502-03 (9th Cir. 1995) and Clay v. United States, 2009 WL 1657095, at *2-4 (N.D. Ga. June 11, 2009), both of which address this issue.

3. Whether cases that consider enhancements under the Armed Career Criminal Act, 18 U.S.C. §924(e)(1) and the Career Offender Provisions of the United States Sentencing Guidelines, are applicable to the instant case where St. Preux's sentence was enhanced pursuant to 21 U.S.C. §§851/841?

4. Whether it matters that St. Preux's November 1998 conviction was vacated by the state court on procedural grounds instead of constitutional grounds?

DONE AND ORDERED in Ocala, Florida on December 21, 2011.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    United States (Savell)
    Counsel for Defendant
    Defendant